IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION



FILED

SEP 17 2015

Clerk, U.S. District Court
District Of Montana
Missoula

GREGORY LYNN WALLACE,

    Petitioner,

vs.

LEROY KIRKEGARD, et al.,

    Respondents.

Cause No. CV 15-11-H-DLC-JTJ

ORDER

United States Magistrate Judge John T. Johnston entered his Findings and

Recommendations in this case on June 29, 2015, granting Petitioner Gregory

Wallace's Motion for Leave to Proceed in Forma Pauperis, and recommending

denial of Wallace's petition for writ of habeas corpus as time-barred and

procedurally defaulted without excuse. Wallace failed to timely object to the

Findings and Recommendations, and so waived the right to *de novo* review of the

record. 28 U.S.C. § 636(b)(1). The Court will therefore review the record for

clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d

1309, 1313 (9th Cir. 1981). Clear error exists if the Court is left with a "definite

and firm conviction that a mistake has been committed." *United States v. Syrax,*

235 F.3d 422, 427 (9th Cir. 2000). There is no clear error in Judge Johnston's

-1-

Findings and Recommendations and the Court adopts them in full. Because the parties are familiar with the facts of this case they will only be included here as necessary to explain the Court's order.

There is no clear error in Judge Johnston's finding that Wallace's habeas petition is time-barred. A one-year limitations period applies to petitions filed by state prisoners under 28 U.S.C. § 2254. Wallace identifies no reason to apply one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1), and the Court perceives none. Wallace's federal petition had to be filed by August 20, 2013, within one year of the date his conviction became final, but Wallace did not file until January 30, 2015. Therefore his claim is time-barred.

Nor did Judge Johnston clearly err in finding that Wallace's habeas petition is procedurally defaulted without excuse. A federal habeas court generally will not hear claims that have never been fairly presented in state court. Wallace did not raise his claims in the trial court, nor did the Montana Supreme Court hear or decide the merits of any of the claims presented by Wallace. Consequently, all of Wallace's claims are subject to dismissal for procedural default. *Ake v. Oklahoma*, 470 U.S. 68, 74-75 (1985); *Collier v. Bayer*, 408 F.3d 1279, 1284 (9th Cir. 2005); *Smith v. Baldwin*, 510 F.3d 1127, 1139 (9th Cir. 2007) (en banc) (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n. 1 (1991). Further, Wallace has not

-2-

overcome procedural default by either making an adequate showing of cause and prejudice for his failure to exhaust his state court remedies, *see Strickler v. Greene*, 527 U.S. 263, 282 (1999), nor has he demonstrated actual innocence, *see McCleskey v. Zant*, 499 U.S. 467, 494 (1991).

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 7) are ADOPTED IN FULL. This action is DISMISSED WITH PREJUDICE. The Clerk of Court shall enter by separate document a judgment in favor of Respondents and against Petitioner. A certificate of appealability is DENIED.

DATED this 17th day of September, 2015.

Dana L. Christensen, Chief Judge
United States District Court